Dear Mayor McGlothin:
We received your request for an opinion on behalf of the Town of Ferriday. You question if the Town may pay the YMCA membership fees for up to 250 of its "needy" citizens.
Because your request questions the expenditure of public funds, it must be addressed in light of Article 7, Section 14 of Louisiana Constitution of 1974 which prohibits the state or any of its political subdivisions from loaning, pledging, or donating funds, property or things of value to or for any person, association, or corporation. As we indicated to you in Atty. Gen. Op. No. 01-86, Article 7, Section 14 (B) sets forth a number of exceptions to the general prohibition of donations of public funds. It specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. Our office has consistently opined that in order to avail itself of this exception, the state or one of political subdivisions must insure that there is some type of objective criteria to properly identify those who are needy. See Atty. Gen. Op. Nos. 01-86, 00-174 and 99-250.
You indicate that the Town will in fact establish objective criteria in line with the income eligibility guidelines for free and reduced lunches as established by the Louisiana Department of Education. Thus, it is our opinion that the Town of Ferriday may pay the YMCA membership fees for up to 250 of its needy citizens based upon such objective criteria.
We trust this adequately responds to your request. If you have any further questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: December 27, 2001